## 18292. LUMBERMAN'S CO. *v.* SEABOARD AIR-LINE RAILWAY CO.

BROYLES, C. J. "1. The power to determine what are just and reasonable rates of freight charges is vested exclusively in the Georgia Public Service Commission, and the commissioners shall make reasonable and just rates of freight and passenger tariffs to be observed by all railroad companies doing business in this State.

"2. Unless otherwise specially provided by the rules or classification of the commission, every railroad shall assess its charge for transporting a shipment of any class upon the weight thereof. Unless otherwise provided by the commission, all freight charges shall be assessed upon the actual weight of the goods transported when such actual weight can be ascertained; and in case of carload shipments such actual weight shall be ascertained by a sworn weigher, who shall keep a complete record of such weights and attach to the bill of lading a certificate showing the weights, the gross weight of said car when loaded as well as the marked weight of said car.

"3. Properly construed, the words ' C. L. minimum weight, 24000 pounds,' in the classification of lumber shipments in class ' P,' mean that the

shipment must weigh at least 24000 pounds to constitute a carload and to entitle the shipper to the. carload rate. Whe̦re the weight of any shipment of any class of freight, including lumber, exceeds the specified carload weight, the carrier may charge for the transportation in excess of the minimum weight the carload rate per˙hundred pounds as applied to the actual weight of the shipment.

"4. It appearing from the evidence [in the instant case] that. the average weight of lumber in the eight cars carried was 65387 pounds per car, and in view of the ruling in̄ the preceding headnote, the Court of Appeals erred in holding that the carrier should not have charged for the excess in weight represented by the difference between 24000 pounds and 65387 pounds of lumber per car, and that consequently the shipper˙was entitled to recover the excess freight charged and the penalty of one hundred per cent. thereon."

5. The above-stated rulings were made in this case by the Supreme Court, on certiorari, and in conformity thereto it is hereby directed that the former judgment of this court in this case (37 *Ga. App.* 176), reversing the judgment of the superior court, be vacated, and it is now adjudged that the judgment of the superior court was not error for any reason assigned. For the full decision of the Supreme Court, see *Seaboard Air-Line Railway Co.* v. *Lumberman's Co.,* 168 *Ga.* 851 (149 S. E. 128).

   *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

    Decided August 23, 1929.

*Watkins, Asbill & Watkins,* for plaintiff.

*Brandon & Hynds, Randolph, Parker & Fortson,* for defendant.